IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DARRELL COOK,                          )
                                       )
            Petitioner,                )
                                       )
v.                                     )       Case No. CIV-05-170-F
                                       )
WARDEN, LEXINGTON                      )
CORRECTIONAL CENTER, and               )
THE ATTORNEY GENERAL OF                )
THE STATE OF OKLAHOMA,                 )
                                       )
            Respondents.               )

## REPORT AND RECOMMENDATION

The Petitioner, Mr. Darrell Cook, is a state inmate who seeks a writ of habeas corpus based on the ineffectiveness of his attorney, the involuntariness of his plea, and the refusal to allow withdrawal of the plea. The Court should deny habeas relief.

I.      BACKGROUND

On the morning that trial was to begin in state court, the Petitioner entered a plea of *nolo contendere* on all counts. *See* Transcript of Proceedings on Defendant's Plea of *Nolo Contendere*, *State of Oklahoma v. Cook*, Case Nos. CF-2001-136, CF-2001-517 (Pott. Co. Dist. Ct. Sept. 10, 2001) ("Hearing on Mr. Cook's Plea"). The following day Mr. Cook sought to withdraw the plea, stating that his attorney, Mr. Ronald Elrod, had coerced the plea because he was unprepared for trial. *See* Brief of Appellant at p. 3, *Cook v. State of Oklahoma*, Case No. C-2002-289 (Okla. Crim. App. Aug. 14, 2002).

The state district court conducted an evidentiary hearing on the motion to change the plea. *See id.* at p. 4. At the hearing, Mr. Elrod orally moved to withdraw based on a conflict of interest. *See id.* The court denied Mr. Elrod's motion to withdraw as counsel and Mr. Cook's motion to change the plea. *See id.*

After the sentencing, Mr. Cook filed a second motion to withdraw the plea, and the court conducted a second evidentiary hearing. *See id.* at pp. 5-6. There Mr. Elrod again sought to withdraw; and for the second time, the court denied Mr. Elrod's request and the Petitioner's motion to change his plea. *See id.* at pp. 6-8.

On *certiorari* review, the Oklahoma Court of Criminal Appeals ("OCCA") held that a conflict existed and remanded for a new hearing on the motion to withdraw the plea. Order, *Cook v. State of Oklahoma*, Case No. C-2002-289 (Okla. Crim. App. Mar. 21, 2003).

At a third evidentiary hearing on the motion to withdraw the plea, the Petitioner was represented by new counsel, Ms. Karen Byars. *See* Transcript of Proceedings on Defendant's Motion to Withdraw Plea, *State of Oklahoma v. Cook*, Case Nos. CF-2001-136, CF-2001-517 (Pott. Co. Dist. Ct. May 2, 2003) ("Third Hearing on Mr. Cook's Motion to Withdraw Plea"). There the Petitioner testified that he had been induced to enter a plea because Mr. Elrod was not prepared for trial. *See id.* at pp. 6-7, 9-10. The trial court denied the motion to withdraw the plea for the third time. *Id.* at p. 61.

Following the denial, Mr. Cook again sought *certiorari* in the in the OCCA. Brief of Petitioner, *Cook v. State of Oklahoma*, Case No. C-2003-507 (Okla. Crim. App. Sept. 10,

2003).  There the Petitioner again alleged coercion prior to the plea because of Mr. Elrod's ineffectiveness.  *Id.* at pp. 8-15.  The OCCA denied relief[1] and the present action followed.

As grounds for relief, the Petitioner argues that: (1) Mr. Elrod provided ineffective assistance and had a conflict of interest, rendering the plea involuntary; and (2) as a result, the trial court should have allowed withdrawal of the plea.  Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at pp. 6, 8 (Feb. 11, 2005) ("Petition").

II.     STANDARD FOR HABEAS REVIEW

This Court has a "secondary and limited" role in the review of state court rulings through a petition for habeas relief.  *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998) (citations omitted).

For example, a state court's determination of a factual issue triggers a narrow standard of review.  First, the finding is presumptively correct, requiring the challenging party to respond with clear and convincing evidence.  *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(e)(1) (2000).  Second, when factual allegations are involved, a federal court can grant habeas relief only if the state court had made "an unreasonable determination of the facts in light of the evidence presented."  Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(2) (2000).

---

[1]      Summary Opinion Denying Certiorari, *Cook v. State of Oklahoma*, Case No. C-2003-507 (Okla. Crim. App. Nov. 13, 2003).

Habeas relief is otherwise unavailable unless the state court's ruling had "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1) (2000).  A state court decision may be "contrary to" clearly established precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts."  *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004), *petition for cert. filed* (U.S. Mar. 14, 2005) (No. 04-9270).  Application of Supreme Court case law is unreasonable if the state court identifies the correct Supreme Court precedent, but unreasonably applies the law to the facts.  *See id.*

III.   CHALLENGE TO ACCEPTANCE OF THE PLEA: INEFFECTIVE ASSISTANCE
       OF COUNSEL AND INVOLUNTARINESS OF THE PLEA

As stated above, Mr. Cook claims that his attorney had provided ineffective assistance, rendering the plea involuntary.  *See supra* p. 3.  The federal district court should reject the claims, as the state district court reasonably concluded that the plea was voluntary and that counsel was not ineffective.

       A.     Ineffective Assistance of Counsel

According to Mr. Cook, Mr. Elrod had failed to examine all of the records and subpoena some of the witnesses.  Third Hearing on Mr. Cook's Motion to Withdraw Plea at

pp. 6, 13-14.   But the state district court acted reasonably in rejecting the Petitioner's allegations, and the alleged deficiencies were not prejudicial.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that counsel is ineffective only if his legal representation was both deficient and prejudicial.   In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the *Strickland* test to a claim of ineffective assistance in plea proceedings.   In this setting, the Court stated:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.   In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

474 U.S. at 58-59.[2]   When the alleged error involves a failure to investigate, prejudice depends on the resulting impact of the alleged evidence on the defendant's plea.   *See id.* at 59.

According to the Petitioner, Mr. Elrod had failed to examine all of the relevant evidence and subpoena some of the witnesses.   *See supra* pp. 4-5.   But Mr. Elrod testified that he was prepared for trial, had examined all relevant records, and had subpoenaed all of the appropriate witnesses.   Third Hearing on Mr. Cook's Motion to Withdraw Plea at pp. 38-

---

[2]   Although *Hill* involved a guilty plea, the same standard applies when an Oklahoma defendant claims ineffective assistance in connection with a plea of *nolo contendere*.   *See Braun v. Ward*, 190 F.3d 1181, 1188 & n.6 (10th Cir. 1999).

39.  The state district judge accepted Mr. Elrod's version of events,[3] and this determination involved a reasonable interpretation of the evidence.

A similar situation arose in *Romero v. Tansy*, 46 F.3d 1024 (10th Cir. 1995).  There the petitioner alleged ineffective assistance based on deficiencies in the attorney's investigation.  *See Romero v. Tansy*, 46 F.3d at 1028-29.  The federal district court held an evidentiary hearing, and the client and attorney presented conflicting testimony.  *See id.* at 1029.  Ultimately the court accepted the attorney's version of the facts.  *See id.*  In light of the findings, the Tenth Circuit Court of Appeals rejected the petitioner's claim of ineffective assistance and stated:

> According to his testimony, which the district court found more credible than [the petitioner's], he interviewed witnesses, reviewed the discovery, and discussed the case with [the petitioner]. . . . Given all of these circumstances, as well as the presumption of effectiveness we must afford counsel's performance, we find that Mr. James's failure to conduct further investigation did not deny [the petitioner] effective assistance of counsel.

*Id.* at 1030.

The rationale of *Romero v. Tansy* is applicable here.  At the hearing on the Petitioner's motion to withdraw the plea, Messrs. Cook and Elrod presented conflicting testimony.  *See supra* p. 5.  But the state district court accepted the attorney's version of events, like the federal district court in *Romero*.  Acceptance of Mr. Elrod's version entailed a reasonable view of the evidence and a legally justifiable conclusion.  As a result, this Court should

---

[3]     Third Hearing on Mr. Cook's Motion to Withdraw Plea at pp. 58-61.

conclude that Mr. Cook is not entitled to habeas relief on his claim involving Mr. Elrod's preparation for trial.

The same would have been true even if the judge had reached a contrary conclusion because counsel's alleged deficiency was not prejudicial.  Although Mr. Cook complains about the legal representation, he has not shown what further investigation would have revealed or how it would have affected his decision to plead *nolo contendere*.  As a result, the attorney's alleged deficiencies were not prejudicial.

The Tenth Circuit Court of Appeals addressed a similar situation in *Chavez v. Tansy*, 42 F.3d 1406, 1994 WL 664978 (10th Cir. Nov. 29, 1994) (unpublished op.).  There the petitioner claimed that his trial counsel was ineffective for failure to interview potential witnesses and examine the State's physical evidence.  *See Chavez v. Tansy*, 1994 WL 664978, Westlaw op. at 1.  The petitioner contended that he had pled guilty because he was afraid to proceed with an unprepared attorney.  *See id.*, 1994 WL 664978, Westlaw op. at 2. Applying the standard in *Hill*,[4] the Tenth Circuit Court of Appeals concluded that the petitioner had failed to demonstrate prejudice, explaining:

> In this case, appellant has made no showing that an adequate investigation by his trial counsel would have caused him not to plead guilty. As the magistrate judge found, appellant "did not present any witnesses at the evidentiary hearing to corroborate his alibi claim," nor did he "allege[ ] any defense or exculpatory fact which could have been discovered through an examination of the physical evidence." In sum, appellant "has made no showing that further investigation by counsel would have turned up any evidence which would

---

[4]      *See supra* p. 5.

have led to a change in either counsel's recommendation or [appellant]'s
decision to plea."

*Id.*, 1994 WL 664978, Westlaw op. at 1-2.

*Chavez v. Tansy* is persuasive. *See* Tenth Cir. R. 36.3(B). Like the petitioner in
*Chavez*, Mr. Cook has not shown that an adequate investigation would have caused him to
change his plea.[5] Mr. Cook and his wife testified that Mr. Cook had anticipated a trial, but
he changed his mind upon discovering that his attorney was not prepared. Third Hearing on
Mr. Cook's Motion to Withdraw Plea at pp. 5-6, 9-10, 13-16, 25-27, 33-34. But "a
petitioner's 'mere allegation' that he would have insisted on trial but for counsel's errors,
although necessary, is ultimately insufficient to entitle him to relief." *Miller v. Champion*,
262 F.3d 1066, 1072 (10th Cir. 2001). Accordingly, Mr. Cook has not shown prejudice from
his attorney's performance and the Court should reject the habeas claim. *See Gordy v.
Hargett*, 37 Fed. Appx. 437, 439 (10th Cir. June 6, 2002) (unpublished op.) (attorney's
failure to investigate and to prepare for trial was not prejudicial when the petitioner had

---

[5]    In a *pro se* motion, Mr. Cook stated that he had pled *nolo contendere* in part because he
believed "that he would receive a lesser punishment if he entered such plea . . . ." Application to
Withdraw Guilty Plea at p. 2, *State of Oklahoma v. Cook*, Case Nos. CF-01-136, CF-01-517 (Pott.
Co. Dist. Ct. Feb. 6, 2002). In the subsequent hearing, Mr. Cook explained that his dissatisfaction
involved the sentence rather than the plea. The exchange was:

    Q.    Okay. So your beef is not with the number of years – or your beef is not with
          the actual plea of guilty, it's with the number of years you got?

    A.    Yeah, that's – that's a problem. I don't think I deserve to be incarcerated for
          the – the rest of my life. I –

Third Hearing on Mr. Cook's Motion to Withdraw Plea at pp. 54-55.

failed to show "what an investigation would have revealed and how that would have affected his decision to plead guilty").

B.    Voluntariness of the Plea

The state district court found that the plea was voluntary,[6] and Mr. Cook challenges the finding in his habeas petition.[7]  The state district court's finding is entitled to deference under federal law,[8] and Mr. Cook has not presented clear and convincing evidence to the contrary.[9]  The federal district court should conclude that the OCCA's determination was reasonable and that Mr. Cook is not entitled to habeas relief on this claim.

The Tenth Circuit Court of Appeals rejected a similar claim in *Gordy v. Hargett*, 37 Fed. Appx. 437 (10th Cir. June 6, 2002) (unpublished op.).  There the petitioner sought habeas relief, alleging involuntariness of a guilty plea because the attorney had not been prepared for trial and had coerced the plea.  *See Gordy v. Hargett*, 37 Fed. Appx. at 438.  The federal district court denied the habeas petition, and the Tenth Circuit Court of Appeals affirmed for two reasons.

---

[6]    Hearing on Mr. Cook's Plea at p. 18; Third Hearing on Mr. Cook's Motion to Withdraw Plea at p. 61.

[7]    *See supra* p. 3.

[8]    *See Jarrell v. Jordan*, 7 Fed. Appx. 852, 853-54 (10th Cir. Mar. 22, 2001) (unpublished op.) (applying the presumption of correctness under 28 U.S.C. § 2254(e)(1) to a state court's finding that guilty pleas were knowing and voluntary); *see also supra* p. 3.

[9]    *See Bird v. Everett*, 215 F.3d 1336, 2000 WL 717089, Westlaw op. at 1 (10th Cir. June 2, 2000) (unpublished op.) (a habeas petitioner's "allegations that he was coerced into pleading guilty do not constitute clear and convincing evidence that would undermine the state court's contrary factual determinations" (citations omitted)).

9

First, the appeals court relied on the petitioner's inability to prove that his attorney had rendered ineffective assistance.  The court explained:

> Mr. Gordy asserts that he felt he had no choice but to plead guilty because his attorney was unprepared for trial and, therefore, his guilty plea was involuntary.  Constitutionally inadequate performance of defense counsel can render a plea involuntary.  But, as stated above, Mr. Gordy has failed to demonstrate that his trial attorney's performance was constitutionally deficient.

*Id.* at 439 (citation omitted).

Second, the court concluded that the petitioner's testimony at the plea hearing had contradicted any claim that the plea was not voluntary.  *Id.*  This testimony, the court stated, presented a "formidable barrier" to a subsequent challenge to voluntariness.  *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63 (1977)).

Both rationales are applicable here.

First, as discussed above, the federal district court should conclude that Mr. Elrod's legal representation was not deficient.  *See supra* pp. 5-7.  As a result, Mr. Cook cannot base a voluntariness challenge on ineffective representation.

Second, Mr. Cook's testimony belies any claim that the plea was involuntary.  Before entry of his plea, Mr. Cook testified that he understood the charges and his right to proceed with a trial.  Hearing on Mr. Cook's Plea at p. 9.  He added that he was pleading no contest of his "own free will without any coercion or compulsion of any kind[.]"  *Id.* at p. 18.  Like the defendant in *Gordy*, Mr. Cook's involuntariness claim is belied by his own testimony in state court.

The *Gordy* court's rationales apply here, and the Court should reject Mr. Cook's claim based on the involuntariness of his plea.

## IV.   CHALLENGE TO THE DENIAL OF MR. COOK'S MOTION TO WITHDRAW THE PLEA

Mr. Cook also alleges that the trial court should have allowed him to withdraw the *nolo contendere* plea.   *See* Petition at p. 8.   The Court should reject this allegation.

The habeas claim is based on an assumption that Mr. Cook had a constitutional right to withdraw his plea.   Such an assumption is invalid.   Although Oklahoma law authorizes withdrawal of a plea in certain circumstances,[10] this procedure is not constitutionally mandated.[11]   As a result, habeas relief is unavailable for the state district court's refusal to allow withdrawal of the plea.   *See Holtan v. Black*, 838 F.2d 984, 986 n.4 (8th Cir. 1988) ("What may constitute a fair and just reason to withdraw a plea is an issue of state law and is not justiciable in a federal habeas claim.").

---

[10]   *See* Okla. Stat. tit. 22 § 517 (2001).

[11]   *See Young v. Muncy*, 885 F.2d 867, 1989 WL 107017, Westlaw op. at 1 (4th Cir. Sept. 19, 1989) (*per curiam*) (unpublished op.) (concluding that a state prisoner had no constitutional right to withdraw his guilty plea and that "the only inquiry in this context in federal court [was] whether the plea [had been] voluntarily and intelligently entered" (citation omitted)); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990) ("There is no constitutional right to withdraw a guilty plea." (citation omitted)), *appeal dismissed*, 934 F.2d 319, 1991 WL 87509 (4th Cir. May 29, 1991) (*per curiam*) (unpublished op.); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D. N.Y. 1978) ("permission to withdraw a plea of guilty is not a matter of constitutional right but rather rests in the sound discretion of the court" (citations omitted)), *aff'd*, 591 F.2d 169 (2d Cir. 1979); *Metcalf v. Bock*, 2002 WL 31749157, Westlaw op. at 5 (E.D. Mich. Dec. 5, 2002) (unpublished op.) ("there is no constitutional right, or absolute right under state law, to withdraw a plea" (citations omitted)); *see also Hoyt v. United States*, 252 F.2d 460, 462 (10th Cir. 1958) (stating that "[a] defendant who enters a plea of guilty has no legal right to withdraw it," as "[a]n application for leave to withdraw" the plea is discretionary with the trial court).

V.      RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should deny Mr. Cook's petition for a writ of habeas corpus.

The Petitioner can object to this report and recommendation.  To do so, Mr. Cook must file an objection with the Clerk of this Court.  The deadline for objections is May 18, 2005.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.     STATUS OF THE REFERRAL

The referral is terminated.

Entered this 28th day of April, 2005.


*Robert E. Bacharach*
_____
Robert E. Bacharach
United States Magistrate Judge